UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FEDERICO CORTES LEAL,

                 Plaintiff,

    -against-

337 FAST FOOD CORP. d/b/a THE MUNCHIES and HIKMATULLAH RASUL,

                 Defendants.
---------------------------------------------------------------X

24-cv-02267 (LJL)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE (UNOPPOSED)**

## I.  PRELIMINARY STATEMENT

Plaintiff, FEDERICO CORTES LEAL ("Plaintiff"), seeks approval of the terms of a certain settlement agreement (the "Agreement") made between Plaintiff and Defendants, 337 FAST FOOD CORP. d/b/a THE MUNCHIES and HIKMATULLAH RASUL (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"). The Agreement resolves Plaintiff's claims asserted against Defendants, including claims under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et. seq.* ("FLSA"). A copy of the Agreement is attached to the Declaration of Keith E. Williams, Esq. (the "Wms. Decl.") as **Exhibit 1** for the Court's review and approval. The Agreement represents a good faith effort between experienced counsel to negotiate the settlement of a *bona fide* dispute between the Parties under the FLSA and the New York Labor Law ("NYLL"). The Parties, who engaged in an arm's-length, good faith negotiation, reached a settlement that provides Plaintiff with a substantial recovery of his claimed overtime damages under the FLSA. Plaintiff submits that this settlement is fair and reasonable because it duly considers the Parties' respective risk burden if this Action continues. Further, during pre-Answer negotiations, Defendants indicated that they would not be able to afford both an attorney and a settlement. Settling now provides Plaintiff with a recovery that he might not have

1

received if Defendants spent the funds on representation instead. Accordingly, Plaintiff respectfully requests that the Court approve the Agreement as submitted and dismiss this Action with prejudice.

## II. PLAINTIFF'S ALLEGATIONS AND DEFENDANTS' RESPONSES

On March 26, 2024, Plaintiff, represented by counsel herein, filed a wage-and-hour lawsuit against Defendants alleging FLSA and NYLL violations. Among other things, Plaintiff contends that during his employment with Defendants, he was not paid overtime compensation for any hours worked in excess of forty (40) each week and was not paid minimum wages. During negotiations, Plaintiff's counsel calculated a damages chart for Plaintiff (attached as **Exhibit 2** to the Wms. Decl.). Based on these calculations, Plaintiff's reasonable estimate of his unpaid wage claims is $8,930.80, not including penalties or interest. In preparing the damages chart, Plaintiff's counsel did not account for any of Defendants' defenses.

Defendants do not agree with Plaintiff. Defendants dispute Plaintiff's allegations and contend that Plaintiff was fully and properly paid for all hours worked. They dispute Plaintiff's claim that he was not paid overtime compensate or minimum wages. They further dispute the date on which Plaintiff's employment began, contending that he started much later than alleged. They contend that their time and payroll records afford them a complete defense to Plaintiff's claims and are confident that they would prevail at trial.

As stated above, Plaintiff does not agree with Defendants. Thus, there is a *bona fide* dispute between the Parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' good-faith effort to resolve this *bona fide* dispute in an amicable fashion through arm's length bargaining.

**III.    SETTLEMENT NEGOTIATIONS**

During pre-Answer negotiations, the Parties exchanged documents, information, and damage calculations. After numerous hours of negotiations that extended over several weeks, the Parties were able to reach an agreement when Defendants increased their total offer to $15,000.00, inclusive of attorneys' fees and costs, to settle this Action. Plaintiff willingly accepted this good faith offer. Plaintiff recognizes that (i) Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever; (ii) Defendants continue to deny Plaintiff's claims; and, (iii) Defendants have agreed to this amount solely to avoid the risks and expenses of protracted litigation.

Of the agreed upon total ($15,000.00), Plaintiff will receive $9,413.01, which represents 100% of his claimed unpaid wages under the FLSA and the NYLL and a portion of his claimed liquidated damages, to which Defendants vehemently contend he is not entitled. Additionally, pursuant to the Agreement, Defendants are paying Plaintiff's attorneys' fees in the amount of $5,586.99.

**IV.    THE SETTLEMENT IS FAIR AND REASONABLE**

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., 11-cv-00529 (WS), 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering

whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

**A.    The Agreement Fairly Accounts for Plaintiffs' Possible Recovery**

As noted above, Plaintiff will be receiving a recovery of $9,413.01. Further, his attorneys' fees are being paid by Defendants in the amount of $5,586.99. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other claims raised in the Complaint. Plaintiff will be receiving 100% of her claimed unpaid wages under the FLSA and NYLL, plus an additional amount in liquidated damages. Further, the Agreement does not contain a confidentiality provision, a general release, or a non-disparagement clause. And, importantly, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Agreement without

4

coercion or duress. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiff's possible recovery in this matter.

### B.     The Risk and Expenses Faced by the Parties

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. Additionally, and as noted *supra*, if Defendants did so prevail, Plaintiff faces the possibility of receiving no recovery at all. Further, Plaintiff faces the prospect of waiting months, if not years, for the matter to proceed through remaining discovery, motion practice and, eventually, trial.

Conversely, while Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiff's claims, they are also mindful that this would have only occurred after a protracted litigation at significant financial defense costs. And if Plaintiff prevails at trial, Defendants could face significant liability for unpaid wages, civil penalties, interest, and attorneys' fees and costs. Further, given Defendants' financial position, had they retained an attorney, it is unlikely that they would have been able to afford providing Plaintiff with an early settlement. Thus, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution. Accordingly, all Parties face substantial risks in proceeding forward with the litigation. As well, even though it is not necessarily a factor under *Wolinsky,* the Court should also not lose sight of the fact that litigation imposes a mental toll upon both Plaintiff and Defendants no matter who wins or loses. *See Brown v. TD Bank, N.A.*, 15-cv-05474, 2016 WL 1298973, at *7 (E.D. Pa. Apr. 4, 2016) ("Litigation is expensive, time-consuming, and emotionally draining."). Settlement ameliorates this burden too. Accordingly, Plaintiff submits that for these reasons, the Parties' settlement is fair and reasonable.

## C.  The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel for Plaintiff and an experienced businessman for Defendant which was devoid of any semblance of fraud or collusion. Plaintiff was represented by experienced counsel (Keith E. Williams, Esq.) who has litigated over 250 cases in the Southern and Eastern Districts of New York and the District of New Jersey, the majority of which involve claims under the FLSA and the NYLL. Far from the product of fraud or collusion, the Agreement constitutes an effort to resolve these disputes under the best possible circumstances. Accordingly, the Agreement should be approved by the Court.

## V.  PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES SHOULD BE APPROVED

The agreed upon settlement amount is inclusive of attorneys' fees. Plaintiff's counsel is seeking one-third of the settlement amount as a fee. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). *See also Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit").

Courts in this Circuit, including this one, routinely award The NHG Law Group, P.C. (formerly, Neil H. Greenberg & Associates, P.C.) ("NHG Law") attorneys' fees in the amount of one-third the total settlement amount in FLSA cases. *See e.g.*, *Velasquez v. Rosedale Laundry,*

6

*Inc.*; 22-cv-00621 (LDH)(LGD), Electronic Order, dated December 9, 2022 (finding "that the requested attorneys' fees and costs are reasonable in this case) (citing *Tepale*, 2022 WL 1186574 at *2 ("noting that courts 'routinely award one third of a settlement fund as a reasonable fee in FLSA cases'")); *Pena Abreu v. White Star NYC, Inc., et al.*; 20-cv-00835 (JPO)(SLC) (E.D.N.Y. December 1, 2020) (not reported) (*see* D.E. 33) ("[o]ne-third of the settlement sum … will be collected in attorney's fees and costs"); *Pena v. NB Network Sols. Inc.*, 19-cv-01681 (RA), 2020 WL 2614767, at *2 (S.D.N.Y. May 22, 2020) (awarding "about one-third of the total settlement amount"); *Lawyer v. Bathroom Buddy Remodeling, Inc.*, 19-cv-03589 (SMG) (E.D.N.Y. November 18, 2019) (not reported), (Electronic Order awarding one-third attorneys' fees in a two plaintiff FLSA case and noting that while lodestar information was not provided, "lodestar is often low when, as here, a case is resolved at an early stage, yet early settlements are to be encouraged"); *Guzman v. J.H. Caruso Ltd.*, 18-cv-06067 (SMG) (E.D.N.Y. August 13, 2019) (Electronic Order awarding one-third attorneys' fees in a single Plaintiff FLSA case without review of billing records or lodestar figures).

"Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar 'cross-check' and 'compare the fees generated by the percentage method with those generated by the lodestar method.'" *Llamas v. Cor J. Sea Food Corp.*, 21-cv-00248 (JMW) (E.D.N.Y. November 10, 2021), D.E. 21 (citing *Mobley v. Five Gems Mgmt. Corp.*, 17-cv-9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted). Once an initial lodestar computation has been made, district courts have the discretion to "increase the lodestar by applying a multiplier based on other less objective factors, such as the risks of the litigation and the performance of the attorneys." *Pucciarelli v. Lakeview Cars, Inc*, 16-cv-04751, 2017 WL 2778029 at *2 (E.D.N.Y. June 26, 2017) (quoting *Goldberger v. Integrated Res., Inc.*,

209 F.3d 43, 47 (2d Cir. 2000). "Courts regularly award multipliers from two to six times the lodestar." *Cohan v. Columbia Sussex Management, LLC*, 12-cv-03203, 2018 WL 4861391 at *5 (E.D.N.Y. Sept. 28, 2018) (approving a 2.3 multiplier as "well within the range awarded" and citing S.D.N.Y. cases where multipliers of 2.09, 3.97, and 4.65 were found reasonable); *Weston v. TechSol, LLC*, 17-cv-00141, 2018 WL 4693527 at *6 (E.D.N.Y. Sept. 26, 2018) (quoting *Monserrate v. Tequipment, Inc.*, 11-cv-06090, 2012 WL 5830557 at *3 (E.D.N.Y. Nov. 16, 2012); *Donnelly v. Peter Luger of Long Island, Inc.*, 13-cv-01377, 2014 WL 12769046 at *8 (E.D.N.Y. Nov. 13, 2014) (finding a lodestar multiplier of 2.35 to be "at the lower range of what courts have approved" and collecting cases where courts in the Second Circuit approved lodestar multipliers of 3.3, 3.53, 3.96, 4.65, 5.3, and 5.5).

Importantly, as the Second Circuit noted in *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020), "[n]either the text nor the [remedial] purpose of the FLSA … supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* at 603. The Court explained that "[b]y implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress' goals by discouraging plaintiffs' attorneys from taking on 'run of the mill' FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Id.* (citing *Sand v. Greenberg*, 08-cv-07840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

NHG Law's efforts to date have been without compensation and its entitlement to payment has been wholly contingent upon the result achieved. As with every other FLSA case, NHG Law stood to gain nothing in the event this litigation was unsuccessful while incurring substantial and unrecoverable costs. There have been numerous cases where NHG Law's lodestar has substantially

exceeded one-third of the settlement amounts that it has negotiated on behalf of its clients. Each time, like this case, it limited its fee to one-third of the recovery. Additionally, the Court should consider the degree of success in obtaining the instant settlement. NHG Law was able to negotiate a substantial recovery of wages for its client in an efficient and timely manner and without protracted litigation.

Accordingly, Plaintiff's counsel will receive $5,000.00 as attorneys' fees ($15,000.00 x 1/3). Additionally, NHG Law seeks reimbursement of the cost expended in prosecuting this action, which include the filing of the Complaint ($405.00) and service of process ($182.00). A lodestar analysis is discussed in the accompanying Declaration of Keith E. Williams, Esq., which includes NHG Law's time sheets at **Exhibit 3** and invoices for service of process at **Exhibit 4**. It is respectfully submitted that the attorneys' fees set forth in the Agreement are fair and reasonable.

### VI.   CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court approve the Parties' Agreement and dismiss this case with prejudice.

Dated: Massapequa, New York  
       July 18, 2024

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.  
*Attorneys for the Plaintiff*  
4242 Merrick Road  
Massapequa, New York 11758  
Tel: 516.228.5100  
keith@nhglaw.com